(No. 1221—

STA-RITE HAIR PIN COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 12, 1930.*

McLAUGHLIN & BILLMAN, for claimant.

OSCAR E. CARLSTROM, Attorney General; DAVID J. KADYK, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

This claim is for $246.10 excess franchise taxes alleged to have been paid by claimant for the years 1918 to 1925 inclusive and $91.33 interest thereon. The declaration was

filed July 12, 1927. On April 17, 1929, the Attorney General filed a general and special demurrer to the declaration. No evidence has been taken and the case is submitted on the declaration and demurrer.

The special grounds for demurrer are that it appears from the declaration that the alleged excess taxes paid in the years 1919 to 1922 inclusive were paid more than five years before the filing of this claim. Claimant urges (1), that as the State did not file any plea within thirty days after the filing of the declaration it is now barred from filing a demurrer, citing rule 12 in support of its contention; and, (2) that the question of limitations cannot be raised by demurrer but must be specially pleaded. Rule 12 provides that if the State shall fail to plead within thirty days after the declaration is filed a general traverse of the declaration shall be considered as filed.

A plea at common law meant a defense of matters of fact. Its province was to state the facts upon which the defendant relied to defeat the action of the plaintiff. A demurrer is not a plea. It neither affirms nor denies any matter of fact. It presents an issue of law to the court, and is an excuse for not pleading. The purpose of providing that a general traverse shall be considered as filed if the State fails to plead within thirty days after the filing of the declaration is to prevent defaults against the State and compel claimants to prove their claims with the same strictness that would be required if a plea of general denial was filed. The declaration in this case was filed July 12, 1927. Under rule 16 it was the duty of the claimant to have taken its testimony and filed it 30 days before the September term of that year. It could have called its case on the convening of court and asked for a rule on the Attorney General to plead or demur to its declaration within a fixed time, but it did not do so. It took no steps to bring the matter to an issue of any kind. No issue was made until the demurrer of the State was filed, which raises only an issue of law. Rule 12 was not intended to bar the court from deciding such issues when properly raised. The demurrer admits the facts stated in the declaration to be true, and if such facts do not warrant the allowance of an award to claimant it would be useless to require claimant to go to the expense of proving them.

Whether or not the bar of the statute of limitations can be raised in this court by demurrer is not important. Section 10 of the act creating the Court of Claims specifically provides that every claim against the State cognizable by the court shall be forever barred unless it is filed with the Secretary of the Court within five years after the claim first accrues. This provision of the statute is mandatory, and whenever it appears to the court, either from the declaration or the evidence, that a claim falls within its inhibition it is the duty of the court to refuse to allow it. No award can, therefore, be made for the excess taxes paid in the years 1919 to 1922 inclusive.

The declaration states, in substance, that claimant was assessed and paid franchise taxes for the years 1918 to 1925 inclusive in excess of what it was legally bound to pay. So far as the declaration shows these taxes were voluntarily paid. The fact that the tax was illegal does not, alone, give the taxpayer the right to recover it. Its payment must have been compulsory,—it must have been paid under protest and duress before it can be recovered back. "That a tax voluntarily paid cannot be recovered back the authorities are generally agreed, and it is immaterial in such case that the tax has been illegally laid or even that the law under which it was laid was unconstitutional. The principle is an ancient one in the common law and is of general application. Every man is supposed to know the law, and if he voluntarily makes a payment which the law would not compel him to make he cannot afterwards assign his ignorance of the law as the reason why the State should furnish him with legal remedies to recover it back." (*Cooley on Taxation*, 2 Ed., p. 809; *Board of Education* v. *Toennigs*, 297 Ill. 469.)

The act in relation to the payment of public money into the State Treasury provides a means whereby claimant could have had the question of the validity of the tax determined by a court of general jurisdiction. It did not do so but elected to pay the tax. Where a claimant had a remedy in a court of general jurisdiction and failed to avail himself of such remedy the Court of Claims will not take jurisdiction. (*Moline Plow Co.* v. *State*, 5 Ct. Cl. 277.)

As the facts stated in the declaration show claimant cannot be allowed an award the demurrer is sustained and the case dismissed.